**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VERONICA D. WALLACE,**

      **Plaintiff,**

**v.**                                      **Case No.  8:06-cv-547-T-TBM**

**MICHAEL J. ASTRUE[1],**
**Commissioner of the United States**
**Social Security Administration,**

      **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claims for Social Security

disability benefits and Supplemental Security Income payments.  For the reasons set out

herein, the decision is affirmed.

**I.**

Plaintiff was forty-two years of age at the time of her administrative hearing in

September 2003.  She stands 5', 3" tall and weighed 145 pounds.  Plaintiff has a tenth grade

education.  She does not read well.  Her past relevant work was as an assembler, nurse's aide,

solderer, machine operator, and inspector.  Plaintiff applied for disability benefits and

Supplemental Security Income payments in October 2001, alleging disability as of March 28,

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should
be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

2001, by reason of back, hip, and shoulder pain and functional limitations related thereto. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ").  The Plaintiff was represented at the hearing by counsel and testified in her own behalf.  Additionally, a vocational expert was called by the ALJ. Plaintiff testified she slipped and fell in 2001, injuring her back and shoulder.  Although she attempted to return to work thereafter, she could not perform the job and was let go.  She has been unable to work since.  She stated she experiences pain when she sits, which begins at her neck and goes through her left shoulder, spine and left hip.  She also suffers from headaches two to three times a week.  Plaintiff rates her headache pain at a nine, her neck and shoulder pain at an eight, and her back pain at a ten, all on a scale of one to ten.  Plaintiff also indicated she has recently begun having pain in her right arm and has been diagnosed with tendonitis. She takes Vicodin for the pain, but it makes her sleep too much.  Plaintiff testified that she has memory problems and she feels stressed and useless.  There are periods where she remains in bed four days out of five.  She also has difficulty sleeping and wakes up two to three times during the night.  Plaintiff further testified that, as a result of the sleepless nights, she takes thirty minute naps two to three times a day.

Plaintiff is able to take care of her personal grooming and she can cook some meals, but her daughter does the house cleaning and grocery shopping.  She drives her niece to the bus stop each morning and drives herself to the doctors and her mother's house occasionally. Plaintiff stated she could walk for ten to fifteen minutes and sit for about fifteen minutes

2

before she has pain.  At the time of the hearing, she claimed difficulty in lifting even a half

gallon of milk.  <u>See</u> Plaintiff's testimony (R. 332-63).

Jeffrey Carlisle, a vocational expert ("VE"), testified that if Plaintiff's testimony was

fully credited, she would be precluded from all competitive employment.  Upon an

assumption that Plaintiff could perform a restricted range of light exertional work that

included a sit/stand option, the avoidance of over the shoulder reaching with the left non-

dominant arm, maximum lifting of ten pounds with the same arm, a moderate socialization

deficit requiring low stress jobs, and a moderate concentration deficit precluding all but

simple, routine, and repetitive tasks, the VE opined that Plaintiff could not return to her past

work.  He opined further, however, that Plaintiff could work sedentary and light exertional

jobs such as assembler and cashier.  On questioning by Plaintiff's counsel, the VE indicated

that if Plaintiff's testimony was fully credited with respect to recurrent headaches, taking naps

two to three times a day, remaining in bed sometimes up to seven hours, and difficulty

focusing and concentrating, as were the assessments of Dr. Tedder and Dr. Deis, she would be

unable to perform any jobs in the national economy.  <u>See</u> VE's testimony (R. 363-68).

Also before the ALJ were medical records outlining the Plaintiff's medical history.

These matters are addressed adequately by the parties' memoranda and are set forth herein as

necessary.

By his decision of January 7, 2004, the ALJ determined that while Plaintiff has

severe impairments related to left shoulder injury, status-post arthroscopic debridement, and

an affective disorder, she nonetheless had the residual functional capacity to perform a

restricted range of light exertional work.  Upon this finding, the ALJ concluded that Plaintiff

could perform her past work as an assembler.  Upon this conclusion, the  Plaintiff was

3

determined to be not disabled.  (R. 14-25).  The Appeals Council denied Plaintiff's request for

review, and the ALJ's decision became the final decision of the Commissioner.


## II.

In order to be entitled to Social Security disability benefits and Supplemental

Security Income payments, a claimant must be unable "to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which . . .

has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."

42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is

one that "results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. at

§ 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld

if it is supported by substantial evidence and comports with applicable legal standards.  See

id. at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)

(quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d

1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate

that he has done so.  While the court reviews the Commissioner's decision with deference to

the factual findings, no such deference is given to the legal conclusions.  Keeton v. Dep't of

Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan,

936 F.2d 1143, 1145 (11th Cir. 1991)).

4

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  <u>Grant v. Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze v. O'Brient</u>, 323 F.2d 989 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  <u>Miles</u>, 84 F.3d at 1400; <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  <u>McRoberts v. Bowen</u>, 841 F.2d 1077, 1080 (11th Cir. 1988); <u>Boyd v. Heckler</u>, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises five claims on this appeal.  As stated by the Plaintiff, they are as follows:

(1) The Administrative Law Judge erred in not according the Claimant's treating sources substantial weight;

5

(2) The Administrative Law Judge erred in finding that the Claimant's allegations were not totally credible and in evaluating Plaintiff's complaints of pain and other impairments;

(3) The ALJ erred in improperly disregarding the Claimant's complaints of pain;

(4) The Administrative Law Judge failed to properly consider the side-effects of the Claimant's medication; and

(5) The Administrative Law Judge erred by not posing hypothetical questions to the vocational expert which considered all of the claimant's impairments.

As set forth in more detail below, because the medical evidence fails to establish a disabling condition and the ALJ otherwise fairly applied the applicable standards, Plaintiff is not entitled to relief on this appeal.

By her first claim, Plaintiff argues that the ALJ failed to afford substantial weight to the opinions of her treating physician, Jeffrey Tedder, M.D., and her examining psychologist, Robert R. Dies, Ph.D. By this argument, the opinion(s) of Dr. Tedder that Plaintiff could not work and the opinion of Dr. Dies that Plaintiff met the listing for affective disorders are supported by the objective medical evidence and not contradicted by other evidence of record. As such, Plaintiff contends the doctors' opinions are entitled to considerable, even controlling, weight. In opposition, the Commissioner urges that the ALJ properly applied the applicable standard in discounting the opinions of both Dr. Tedder and Dr. Dies. According to the Commissioner, the ALJ largely credited the conclusions of Dr. Tedder, but not to the extent that Plaintiff was disabled from employment. In discounting Dr. Tedder's testimony, the ALJ explained that the doctor's treatment notes occasionally appeared inconsistent, failed to set forth adequate justification for the conclusory opinions and were contradicted by other

medical evidence.  As for Dr. Dies, the Commissioner urges that he was not a treating doctor and thus his opinion was not entitled to substantial weight.  In any event, the Commissioner urges that Dr. Dies' conclusion that Plaintiff met the listing at 12.04 was not supported by the clinical record and in fact appeared inconsistent with other psychological evidence of record.

In this circuit, when considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary.  Broughton v. Heckler, 776 F.2d 960, 961 (11th Cir. 1985); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause for rejecting a treating source's opinion may be found where such opinion is not supported by the evidence or where the evidence supports a contrary finding.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).  Additionally, good cause may be found where the doctor's opinions are conclusory or internally inconsistent.  Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1532-33 (11th Cir. 1991); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991).  In this circuit, where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true.  MacGregor, 786 F.2d at 1053.

A fair reading of the decision reflects that the ALJ fairly recounted the clinical record, including the findings and opinions of Dr. Tedder, and he expressly recognized the standard applicable to the opinions of treating physicians.  In refusing to grant controlling

weight to Dr. Tedder's conclusions, the ALJ cited a lack of clinical support for the opinion, apparently inconsistent conclusions, the lack of objective medical support to certain of the conclusions, and the opinions of other examining or reviewing physicians suggesting a different conclusion.  Upon my own independent review of the medical record, I conclude that the ALJ has stated adequate good cause to reject the opinions of Dr. Tedder that Plaintiff was incapacitated from all work and lacked the physical functional capacity to perform any jobs.  Apart from a surgical procedure to Plaintiff's left shoulder, treatment by this doctor was conservative throughout.  Opinions related to Plaintiff's capacity to work were conclusory in nature and unsupported by any clinical findings.  Apart from revealing a tear in Plaintiff's left rotator cuff, MRIs of her shoulders, cervical spine, and lumbar spine revealed no other significant medical condition.[2]  In fact, as concluded by the ALJ, there is little evidence to support Plaintiff's claims of low back and hip pain apart from her subjective complaints. Evidence from examining physician, Dr. Christopher M. Davey, found Plaintiff to have normal gait, grip strength, fine manipulation, and repetitive muscle testing.  Although there was evidence of a slight limitation in rotation and lateral flection of the cervical spine and forward elevation and abduction of the left shoulder, range of motion studies were otherwise normal and there was no evidence of motor deficit in any extremity.

As for Dr. Dies, the Commissioner appears correct that, at the time he rendered his opinion that Plaintiff's condition satisfied the listing at 12.04, he was not a treating physician. Further, as noted by the ALJ, the record reveals no inpatient or outpatient referrals for mental

---

[2]The MRI of Plaintiff's cervical spine revealed minimal spondilosis with a diffused angular bulge at C5-6, but no evidence of focal disc herniation or other significant condition. MRIs of Plaintiff's lumbar spine and right shoulder were normal.

health treatment.  As further noted by the ALJ, Dr. Dies' opinion appears to be based on the

subjective complaints of the Plaintiff and are not based on objective testing.  Additionally, the

ALJ noted Plaintiff was evaluated by Linda Appenfeldt, Ph.D., a psychologist who found

Plaintiff suffering from an adjustment disorder with depressed moods but otherwise oriented

as to time, place, person, and event with adequate attention and concentration and no evidence

of cognizant deficits and average intelligence.  Given the lack of mental health treatment,

other evidence of record suggesting that Plaintiff's mental state was not as severely effected

as suggested by Dr. Dies, and given that Dr. Dies did not occupy a treating relationship at the

time of his opinion, the ALJ has stated adequate good cause to reject the conclusion that

Plaintiff met the listing at 12.04.

By her next claim, insofar as Plaintiff complains that the ALJ failed to consider the

combined effect of her impairments, a fair reading of the decision suggests otherwise.  It is

correct that the Act and pertinent case law require that the ALJ consider each impairment, as

well as the combined effect of all a claimant's impairments.  42 U.S.C. § 423(d)(2)(B);

Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).  The ALJ must also make specific and

well-articulated findings as to the effect of the combination of impairments and whether the

combined impairments cause the claimant to be disabled.  Bowen v. Heckler, 748 F.2d 629,

635 (11th Cir. 1984); Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987).  Here, while the

ALJ might have been more articulate, he did note expressly that "a medically determined

impairment *or combination of impairments* is severe if it significantly limits an individuals

physical or mental to do basic work activities and that 'the regulations require that if a severe

impairment exists, all medically determinable impairments must be considered in the

remaining steps of the sequential analysis.'"  (R. 16) (emphasis supplied).  In light of such

recognition, I cannot conclude that the ALJ failed to consider the impairments in

combination.  See Jones, 941 F.2d at 1533.  Further, in this case, I agree with the

Commissioner that a fair reading of the ALJ's evaluation of the medical evidence reveals his

consideration of all of Plaintiff's impairments, individually and collectively, in arriving at his

conclusion.

      Contrary to Plaintiff's other assertions, the ALJ's decision reflects recognition of

Plaintiff's claims of side effects from medication, as well as her claims of pain and

psychological deficits arising from her condition.  Insofar as Plaintiff also complains that the

ALJ did not properly evaluate her credibility, the claim likewise must fail.  Plaintiff is correct

that in this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a

three-part "pain standard" that applies when a claimant attempts to establish disability

through subjective symptoms.  By this standard, there must be evidence of an underlying

medical condition and either objective medical evidence that confirms the severity of the

alleged symptom arising from the condition or evidence that the objectively determined

medical condition is of such severity that it can be reasonably expected to give rise to the

alleged pain.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v.

Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)).  A claimant's subjective testimony supported

by medical evidence that satisfies the standard is itself sufficient to support a finding of

disability.  Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  If the ALJ determines

not to credit subjective testimony, he must articulate explicit and adequate reasons for his

decision.  Hale, 831 F.2d at 1011.  The failure of the ALJ to articulate the reasons for

10

discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.  Id.; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); MacGregor, 786 F.2d at 1054.

Here, the decision clearly reflects that the ALJ's assessment included consideration of Plaintiff's subjective complaints including her pain complaints, her claims of side effects from the medication, claims of headaches, and claims of irritability, sleepiness, her feelings of uselessness, and her constant crying.  In addressing the Plaintiff's subjective testimony, the ALJ first cited to the provisions of 20 C.F.R. § 404.1529 and 416.929 and SSR 96-7P.  Proper application of these regulatory provisions will satisfy this circuit's pain standard.  See Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002).  As noted above, under the applicable standard, an ALJ may reject the subjective complaints by stating explicit and adequate reasons for doing so.  In this case, the ALJ cited the generally conservative nature of her medical care, Plaintiff's relatively robust daily activities, a lack of objective evidence to support many of her pain complaints, and other physical examinations suggesting that Plaintiff's symptoms were overstated.  The ALJ further noted that the record simply did not support Plaintiff's claims that she suffered headaches two to three times a week and experienced disabling mental symptoms; rather, it revealed that Plaintiff's stress was due as much to financial circumstances as anything, and that despite her condition, she maintained adequate attention, concentration, and memory as well as intelligence.  As for Plaintiff's complaints regarding the side effects of her medication, her argument is not well articulated.  However, while the record reflects her testimony that the medication on occasion made her

sleepy, and the ALJ noted such complaints, the medical record otherwise fails to reveal any such complaints or any significant limitations in connection therewith.

Finally, Plaintiff complains that the ALJ erred in failing to include all of her impairments in the hypothetical questions to the VE. Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. Id. at 1562 (quoting Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)).

Here, Plaintiff urges that the ALJ failed to include limitations related to her mental condition, but she concedes that her own counsel asked such questions of the VE and that in response, the VE opined that if Plaintiff suffered the limitations as posed by counsel, Plaintiff could not work. A remand for further questioning by the VE in these circumstances would serve no useful purpose. Essentially, Plaintiff's real complaint is that the ALJ failed to accept this latter testimony by the VE and find her disabled. However, as set forth above, I have concluded that the ALJ was not obliged, on this medical record, to fully credit Plaintiff's subjective complaints or to conclude that any limitations imposed by her mental condition rose to the level she claimed. Given that the ALJ adequately discounted Plaintiff's subjective complaints in this regard and adequately discounted the testimony of Dr. Dies concerning her mental condition, the additional mental limitations imposed by Plaintiff's questioning of the VE were simply unnecessary. Because the medical and mental health records support the

ALJ's assessment of Plaintiff's residual functional capacity and Plaintiff does not demonstrate otherwise on this appeal, the ALJ did not err in fashioning his hypothetical questions to the VE and Plaintiff is not entitled to relief on this claim.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 11th day of July 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record